# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KENNETH JAMES HETTEL,

    Plaintiff,

v.                                       Case No. 8:09-CV-2413-T-30TBM

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## ORDER

Plaintiff initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1). Plaintiff did not pay the filing fee. Therefore, the Court treats this action as an *in forma pauperis* proceeding pursuant to 28 U.S.C. § 1915.

### Plaintiff's allegations

Plaintiff names the State of Florida, the "Florida State Attorneys Office" and the "Public Defenders Office" as defendants in this action. In his complaint Plaintiff essentially alleges that defendants violated his right to due process when they prosecuted him for crimes he committed since 1982. Plaintiff asserts that he sustained a severe brain injury in 1982, and as a result he suffered from a mental illness. Plaintiff argues, therefore, that defendants maliciously prosecuted him, and he was deprived due process because he should have received help and treatment for his mental illness instead of being criminally prosecuted for

his crimes. For relief, Plaintiff seeks to have his criminal record "stricken off the record" and 25 million dollars in damages.

**Analysis**

Because Plaintiff seeks to proceed *in forma pauperis*, this Court is required to review Plaintiff's case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

Plaintiff sues the Public Defender's Office apparently for allegedly negligent representation. Plaintiff's claim is fatally flawed because the complaint fails to meet the requirements of a § 1983 action as Public Defenders are not persons "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). Plaintiff's complaint fails to demonstrate defendants acted under color of state law in their capacity as public defenders.

Plaintiff also sues the State Attorneys Office which prosecuted him. However, prosecutors are absolutely immune from liability in 42 U.S.C. § 1983 actions for prosecutorial actions that are intimately associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 129 S. Court. 855, 860 (2009) (citation omitted). "Likewise, prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Therefore, the prosecutors who prosecuted Plaintiff are absolutely immune from liability in this action.

Furthermore, Plaintiff's claims against the State of Florida are barred by sovereign immunity. The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment not only bars suits against a

state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000). While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 609 (1996). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in §1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing *Gamble v. Fla. Dept. of Health and Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)). It is clear that the State of Florida has not waived its Eleventh Amendment immunity from suit in federal court. *See* §768.28(18), Fla. Stat. (2009).

Finally, to the extent Plaintiff seeks expungement of his criminal record, this Court is prohibited "from ordering the editing of public records...[unless Plaintiff] has alleged [a] special circumstance that would take him out of the *Rogers* rule." *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978) (citing *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) ("the

Court's privilege to expunge matters of public record is one of exceedingly narrow scope")). Plaintiff has not alleged any "special circumstance" that would take his case out of the general *Rogers* rule. Consequently, his request to expunge his criminal record must be dismissed.

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against any defendant under any set of facts that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** as frivolous.

2. The Clerk is directed to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Tampa, Florida on November 30, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*